**SIGNED.**

Dated: May 06, 2011



_____
**JAMES M. MARLAR
Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| DOUGLAS PAUL DEPUGH and ROBIN PINKERTON DEPUGH,<br><br>Debtors. | No. 4:11-bk-06304-JMM<br><br>**MEMORANDUM DECISION** |

The matter heard by the court today dealt with an objection, by secured creditor Commerce Bank of Arizona, to the Debtors' use of cash collateral (ECF Nos. 26 and 29).

The Bankruptcy Code, 11 U.S.C. § 363, provides that a debtor may not use a creditor's "cash collateral" unless it is shown that the creditor is not otherwise adequately protected, or its collateral is in jeopardy. 11 U.S.C. § 361. In this case Commerce Bank has a lien on the Debtors' inventory and receivables, from the operation of the Debtors' business. As to that "bundle of collateral," Commerce Bank agreed at the hearing that a replacement lien on the inventory and receivables would provide it adequate protection for that part of its collateral. This stipulation was acceptable to the Debtors.

That leaves, then, Commerce Bank's lien interest on real property. Commerce Bank's witness, the Bank's officer, Mr. Fred Dawson, who partially relies on a PICOR opinion, maintains that the land has a fair market value of between $1,262,436 or $1,600,000. (Commerce Bank's Memorandum.) The land is leased to two tenants, The Bashful Bandit and Fascinations. The Bashful Bandit pay $5,400 rent monthly, and Fascinations pay $4,400 per month.

Real property taxes run, on Commerce Bank's collateral, at approximately $1,667 per month.

The court finds that, for purposes of this hearing, the property, which also secures Commerce Bank's debt, to be worth approximately $1,600,000, and that Commerce Bank is over secured. The Debtors proposed at the hearing, to pay $7,000 per month in adequate protection payments to Commerce Bank.

The court finds that, as to the real property, a monthly adequate protection payment of $7,000 is fair, unless further proceedings uncover other reasons to take another look at this figure. Of that figure, $1,667 shall be impounded for payment of accruing real property taxes, and the balance may be applied to accruing interest on Commerce Bank's loans. Then, if anything is left over, that may be applied to principal.

The parties are requested to lodge a form of order.

DATED AND SIGNED ABOVE.

COPIES to be sent by the BNC ("Bankruptcy Noticing Center") to:

Sally M. Darcy, Attorney for Debtors
Steven M. Cox, Attorney for Commerce Bank
Office of the U.S. Trustee